CITY OF CENTERVILLE BOARD OF TAX APPEALS, Appellee,

v.

WRIGHT et al., Appellants.

[Cite as *Centerville Bd. of Tax Appeals v. Wright* (1991), 72 Ohio App.3d 313.]

Court of Appeals of Ohio,
Montgomery County.

No. 11948.

Decided Jan. 31, 1991.

*Robert N. Farquhar,* for appellee.

*Charles D. Lowe,* for appellants.

GRADY, Judge.

In this appeal we are asked to determine whether the trial court erred in dismissing an appeal from a determination of a municipal board of tax appeals because the notice of appeal was not filed within thirty days of the entry of the order of the board, as required by R.C. 2505.07. Appellants argue that the trial court erred because they were not served with notice of the determination by certified or registered mail, as provided by the relevant local ordinance, and that therefore service by ordinary mail to their last known address as well as service upon their attorney is insufficient to commence the running of the thirty days required by the statute. We find that the local ordinances make no requirement of service by certified or registered mail and that service of the notice upon appellants' attorney of record was sufficient to commence the running of the time for appeal.

Upon the court's own motion and order, the parties were requested to file supplemental briefs addressing the issue whether the Centerville Board of Tax Appeals was required to enter its decision in a journal in order for it to have constituted a final appealable order. After consideration of the premises, we conclude that the order of the board was a final order for purposes of appeal upon mailing of notice to appellants and that the Centerville Board of Tax Appeals was not required to enter the order on any form of journal or minutes.

For the reasons stated above, the judgment of the trial court will be affirmed.

## I

### Factual Posture

The facts of this matter are not in dispute.

Appellants, Donald C. Wright and Gayle Wright, paid no city of Centerville income tax for the years 1986 and 1987. The Wrights allege that they had no tax obligation because they changed their domicile from the state of Ohio to the state of Florida, effective beginning the calendar year 1986 and thereafter. However, the Superintendent of Taxation of the city of Centerville concluded that the Wrights were domiciled in Centerville during those years and that they owed the tax.

The Wrights appealed the matter to the Centerville Board of Tax Appeals, which upheld the assessment upon a finding that the Wrights were domiciled in the city of Centerville during the tax years concerned. On July 6, 1989, the board of tax appeals mailed its decision by ordinary mail to the Wrights at their last known address and to their attorney.

On August 24, 1989, the Wrights filed their notice of appeal in the court of common pleas pursuant to the provisions of R.C. Chapter 2505. The board of tax appeals filed a motion to dismiss, arguing that the Wrights' appeal was untimely since it was not filed within thirty days of the *entry* of the board's final order on July 6, 1989, as required by R.C. 2505.07. Appellee argued that entry of the order was accomplished upon its mailing, and the motion was supported by the affidavit of the chairman of the board of tax appeals, Stephen Mikula, which stated that the decision of the board was mailed to R.E. Lucas, attorney for the taxpayers, on July 6, 1989, and that that mail was never returned as undelivered. The appellants presented an affidavit stating that they had not received a copy of the decision by personal service or certified mail.

On November 15, 1989, the trial court granted appellee's motion to dismiss, holding that the thirty-day period in which to file the appeal commenced July 6, 1989, the day that the board of tax appeals mailed its decision to the taxpayers' attorney. On December 12, 1989, the Wrights filed a timely notice of appeal.

II

*Service of Notice*

In their brief, appellants set out the following assignment of error:

"The trial court erred as a matter of law in ruling that the decision of the city of Centerville Board of Tax Appeals begins to run when the decision is mailed, by ordinary mail, to the taxpayers or their representative."

This assignment of error actually addresses two issues. The first is whether Centerville Ordinance No. 3070 requires that the decision of the board of tax appeals be served personally or by certified or registered mail on

the taxpayers. The second is whether the decision must be served on the taxpayer personally.

Centerville Ordinance No. 3070, Section 8, titled "Duties and Powers of the Superintendent of Taxation," at paragraph C.2.(a), provides as follows:·

"If the Superintendent determines that any taxpayer subject to the provisions of this Ordinance has a tax liability for which he has filed no return or has filed an incorrect return and has failed to pay the full amount of tax due, the Superintendent shall issue a proposed assessment showing the amount of tax due, together with any penalty and interest that may have accrued thereon.

"(1) *Such proposed assessment shall be served upon the taxpayer in person or by mailing to his last known address. Proof of mailing furnished by the U.S. Post Office shall be presumptive proof of receipt thereof by the addressee.*" (Emphasis added).

Further, Section 8, Paragraph C.1.(b)(3) of the same ordinance provides:

"Any taxpayer against whom a final assessment has been issued and who has filed a notice of appeal shall be granted a hearing by the Board of Tax Appeals. At such hearing, the appellant and the Superintendent shall be given the opportunity to present evidence relating to the said final assessment. After the conclusion of such hearing, the Board of Tax Appeals shall affirm, reverse or modify the said final assessment and shall furnish a copy of its decision in respect thereof to the appellant and the Superintendent. *The appellant's copy of said decision shall be served upon him the same manner as herein provided for the ·serving of assessments.*" (Emphasis added.)

The foregoing provisions do not require service of the notice by certified or registered mail, either of which may generate proof of mailing furnished by the United States Post Office, as opposed to ordinary mail, which is not susceptible of such proof. Rather, the ordinances provide only that such proof of mailing is presumptive proof of service of the notice of decision. Service is accomplished by personal service upon the taxpayer or by mailing notice of the decision to him at his last known address. Therefore, the Centerville Board of Tax Appeals is not required to use a form of mail other than ordinary mail in dispatching notice of its decision to the taxpayer affected.

■ The trial court found that the notice was mailed on July 6, 1989, and received by the Wrights' attorney on that same date. We agree with appellee that service upon the attorney was the equivalent of personal service upon the taxpayers concerned. *Lutz v. Evatt* (1945), 144 Ohio St. 635,· 30 O.O. 223, 60

N.E.2d 473.  *American Export & Inland Coal Corp. v. Matthew Addy Co.* (1925), 112 Ohio St. 186, 147 N.E. 89.  For that reason, we conclude that under the provisions of the relevant ordinances the time for filing a notice of appeal pursuant to R.C. 2505.07 commenced on July 6, 1989, and that therefore the notice of appeal filed in the common pleas court on August 24, 1989 was beyond the thirty days for appeal as provided by that statute.

Appellants' assignment of error will be overruled.

### III

#### *Final Order*

At oral argument the court raised *sua sponte* the issue of whether the determination and order of the board of tax appeals was final, absent an entry upon a journal or other form of permanent record.  The court asked the parties to brief the matter and also to state whether such a journal is maintained and in what form.

Appellee has advised the court that the notice of decision which was sent to the appellants was the only form of journalization of the decision of the board of tax appeals.  We take that to mean that the board does not maintain any form of permanent journal, minutes, or other record in which this decision and other decisions of like kind are recorded.  That practice would appear to be contrary to the expressed provisions of Centerville Ordinance No. 3070, Section 13, paragraph B.2., which provides that "the Board shall adopt its own procedural rules and keep a record of its proceedings."  However, that failure, standing alone, does not affect the finality of the board's order for purposes of appeal to the court of common pleas.

In *State, ex rel. Hanley, v. Roberts* (1985), 17 Ohio St.3d 1, 17 OBR 1, 476 N.E.2d 1019, the Supreme Court held that the thirty-day period for perfecting an appeal pursuant to R.C. 2505.07 commences to run only upon the entry of the decision of an administrative agency upon its permanent journal, and that if the agency fails to journalize its decision the matter is not yet appealable. The court further held that pursuant to R.C. 2505.07 the decision of an administrative agency must be journalized before an appeal from such decision may be taken under R.C. 2506.01.  The court's decision rested on two grounds: First, because a court of record speaks only through its journal and not by oral pronouncement, a mere written minute or memorandum is insufficient.  Second, because the language of R.C. 2505.07 provided that "[a]fter the journal entry of a final order, judgment, or decree has been approved * * * in writing and filed * * * for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is * * * (B) * * * within ten

days," the court construed the statutory language to require the maintenance of a journal in order to satisfy the terms of the statute pertaining to a "journal entry."

Subsequent to the decision in *State, ex rel. Hanley, v. Roberts,* the General Assembly in 1986 modified the appeal process in two ways. First, it amended R.C. 2505.07 to eliminate the language concerning a "journal entry" and "journalization." The amended statute reads:

"After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

The General Assembly also enacted companion legislation in the form of R.C. 2505.03, which provides:

"(A) Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction.

"(B) Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, *to the extent this chapter does not contain a relevant provision,* the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the Rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court.

"(C) An appeal of a final order, judgment, or decree of a court shall be governed by the Rules of Appellate Procedure or by the Rules of Practice of the Supreme Court, whichever are applicable, and, to the extent not in conflict with those rules, this chapter." (Emphasis supplied.)

It was, apparently, the intention of the General Assembly to relieve administrative boards such as the Centerville Board of Tax Appeals from the obligation imposed upon it in *State, ex rel. Hanley, v. Roberts* to maintain a journal. By inference, those agencies are now allowed to adopt their own rules and procedures to determine the finality of their orders for purposes of appeal to the courts of common pleas. However, any such rules or procedures must not abrogate the full opportunity for judicial review of whether the action of the board or agency constitutes an interference with rights or

properties so arbitrary, unjust, or unreasonable as to amount to a deprivation without due process of law. *Hocking Valley Ry. Co. v. Pub. Util. Comm.* (1919), 100 Ohio St. 321, 126 N.E. 397; *Chicago, M. & St. P. Ry. Co. v. Minnesota* (1890), 134 U.S. 418, 10 S.Ct. 462, 33 L.Ed. 970. After full consideration of the matter, we conclude that there has been no such abrogation.

■ The fundamental requirements of due process are reasonable notice and an opportunity to be heard. Neither right is curtailed by failure of the agency issuing an order to maintain a journal of its proceedings and to enter a record of those proceedings in the journal. Mechanisms for notice do not involve entry in a journal but, instead, contemplate and employ some form of delivery to the party affected or to his legal representative. After such service, the party has full right to judicial review, and commencement of the period for appeal at the time of service rather than upon entry of the determination in a journal does not unreasonably limit that right.

It may be that the preferable event for commencement of the period for appeal is the entry of the determination on a permanent journal or set of minutes. Indeed, a vigilant party or his counsel will then at least have had an opportunity to monitor the record and need not wholly rely on the proper operation of the mail. However, the failure to afford that option does not unreasonably limit or impair the right to be heard, and it is within the discretion granted to the General Assembly to establish the jurisdiction of the courts of common pleas pursuant to Section 4(B), Article IV of the Ohio Constitution.

The foregoing reasoning is largely dependent upon our conclusion that in amending R.C. 2505.07 to eliminate a journal requirement the General Assembly thereby created a "relevant provision," as defined by R.C. 2505.03(B), which in its terms is sufficiently specific to avoid the application of the Rules of Appellate Procedure. A contrary finding would compel a conclusion that the combined effects of App.R. 4(A) and Civ.R. 58 require the administrative agency to maintain a journal; the statute provides that the agency will be treated as a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals, or as though it is a clerk of such a trial court, each of which is required to maintain a journal. However, we have not so held.

We find that notice of the decision of the board of tax appeals accomplished by service upon the party or his attorney is sufficient to satisfy the requirements of due process, which do not require that the agency maintain a journal upon which its decision must be entered in order to constitute a final appealable order.

## IV

### Conclusion

For the reasons stated, we conclude that the judgment and order of the court of common pleas was not subject to the error assigned and alleged, and we conclude that the judgment of the trial court be affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.