[Cite as *Groffre Invests. v. Canton Bd. of Zoning Appeals*, 2013-Ohio-1227.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| GROFFRE INVESTMENTS | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-00091 |
| CITY OF CANTON BOARD OF | : | |
| ZONING APPEALS, ET AL | : | |
| | : | O P I N I O N |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2011CV02235

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      March 25, 2013

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

TIMOTHY J. JEFFRIES              KEVIN R. L'HOMMEDIEU
437 Market Avenue North          THOMAS A. BURNS
Canton, OH  44702                Canton Law Department
                                 218 Cleveland Avenue S.W.
                                 Canton, OH  44702

*Gwin, J.*

{¶1} Appellant Groffre Investments appeals the April 18, 2012 judgment entry of the Stark County Court of Common Pleas dismissing Groffre's administrative appeal.

FACTS & PROCEDURAL HISTORY

{¶2} The underlying facts of this case regard the zoning status of a property located at 2127 Bolivar Road, S.W., Canton, Ohio, currently owned by Amber Venosdle-Felter. The area in which the property is located was originally zoned residential, but the City of Canton rezoned the area as a light industrial district. Because the home existed on the property during the zoning change, the City of Canton allowed the property to maintain its residential status as a non-conforming use.

{¶3} Venosdle-Felter purchased 2127 Bolvar Road in 2009 after the property had lost its residential status. Venosdle-Felter used the property as her residence. The City of Canton Zoning Department and Law Department notified Venosdle-Felter by mail that the premises could not be used as a residence. In June 2011, Venosdle-Felter applied to the City of Canton Board of Zoning Appeals ("BZA") to request that her property be granted a non-conforming use to allow its continued use as residence.

{¶4} A hearing was held before the BZA on June 21, 2011. Attorney Tim Jeffries appeared at the hearing on behalf of Groffre Investments stating he was the attorney for Groffre and would like to "speak on their behalf." (T. at 6). A board member then questioned Attorney Jeffries as to whom he represented, asking "and you're representing the adjacent property owner who is . . ." (T. at 6). Attorney Jeffries responded by stating he was representing Groffre Investments, a partnership that is a

contiguous property owner to the Venosdle-Felter property. Groffre Investments owns multiple properties in the area and markets the properties for light industrial use.

{¶5} Jeffries argued the BZA should not grant Venosdle-Felter a zoning variance because she was aware of the zoning status of the property when she purchased it. At the hearing, Jeffries presented affidavits from his uncles William and Michael Jeffries, partners in Groffre Investments, concerning whether Venosdle-Felter was aware of the zoning status of the property when she purchased it. Though he did not specifically state that if the BZA granted the variance Groffre Investments would appeal the decision, Jeffries argued a decision to grant the request would be in violation of statutory law and unconstitutional. Jeffries stated that "for the record, it would be our position that for, uh, this board to grant this, uh, to grant this allowance to continue this legal nonconforming use status would be outside of the, uh, what's provided for in O.R.C. 713.15." (T. at 8).

{¶6} Jeffries was unsure as to whether Groffre would seek to sell the contiguous property as part of a larger piece of light industrial land or develop it themselves. Jeffries argued that allowing residential use of the property would harm Groffre Investments' ability to develop its other properties in the same area for industrial purposes and the key to Groffe's investment is that light industrial zoned property be treated as light industrial zoned property. In addition, Jeffries stated the value of the contiguous property is decreased by the presence of Venosdle-Felter's residential property. Groffre Investments had an opportunity to purchase the Venosdle-Felter property, but declined to do so.

{¶7} The BZA granted the zoning variance for Venosdle-Felter. Groffre Investments filed an administrative appeal of the decision of the BZA with the Stark County Court of Common Pleas under Case No. 2011CV02235.

{¶8} The City of Canton raised the issue of standing and argued Groffre Investments did not have standing to pursue the administrative appeal of the BZA decision as to the Venosdle-Felter property. The magistrate assigned to the matter reviewed the record and found Groffre failed to establish it had standing to appeal the decision of the BZA as to the Venosdle-Felter property. On February 15, 2012, the magistrate recommended the matter be dismissed for lack of standing. Groffre filed objections to the decision and on April 18, 2012, the trial court overruled the objections to the decision and adopted the Magistrate's Decision to dismiss the administrative appeal. Groffre appealed the decision to this Court under Case No. 2012CV00091.

{¶9} Appellant now raises the following assignments of error on appeal:

{¶10} "THE TRIAL COURT ERRED IN ITS DETERMINATION THAT GROFFRE LACKED STANDING [TO] FILE AN ADMINISTRATIVE APPEAL OF THE BZA'S DECISION."

{¶11} Groffre filed its administrative appeal of the BZA decision pursuant to R.C. 2506.01. R.C. 2506.01(C) limits the right to appeal administrative decisions that determine the "rights, duties, privileges, benefits, or legal relationships of a person * * *." However, the statute fails to identify who has standing to appeal administrative decision.

{¶12} "The common-law doctrine of standing holds that only those parties who can demonstrate a present interest in the subject matter of the litigation and who have been prejudiced by the decision of the lower court possess the right to appeal." *Fahl v.*

*City of Athens*, 4th Dist. No. 06CA23, 2007-Ohio-4925, ¶ 14 citing *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992).

**{¶13}** In *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992), the Supreme Court discussed the issue of standing and held that, in addition to the party who was denied the variance, the adjacent or contiguous property owners who opposed and participated in the administrative proceedings concerning the issues had standing to seek appellate review. *Id., citing Roper v. Bd. Of Zoning Appeals, Township of Richfield*, 173 Ohio St. 168, 180 N.E.2d 591 (1962).

**{¶14}** The syllabus in *Roper* states,

A resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the Board, on the record, that if the decision of the Board is adverse to him, he intends to appeal from the decision to a court, has a right to appeal to the common pleas court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code.

**{¶15}** In *Schomaeker v. First Natl. Bank of Ottowa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), the Supreme Court found that the property owner had standing to appeal because the order affected and determined rights as a property owner, and she had previously indicated her interest, both by a prior challenge to the grant of a certificate of occupancy and by her presence with counsel at the hearing on the variance. *Id.*

*Direct Affect*

**{¶16}** Groffre Investments argues it has standing to file an administrative appeal because the decision of the BZA directly affects Groffre Investments.

**{¶17}** The first element the non-applicant must establish under the standing doctrine is that it is directly affected by the administrative decision. The trial court found Groffre failed to establish it was an aggrieved party and would suffer unique harm.

**{¶18}** There is no dispute Groffre Investments is a contiguous property owner. Groffre argues it will suffer unique harm as a contiguous property owner if the property is allowed to remain residential. Groffre has made real estate investments in the area to market its properties for light industrial use. It argues that a property zoned residential will diminish the value of its investments.

**{¶19}** In *Roper*, the Supreme Court determined the order of the BZA "affected and determined Roper's rights as a property owner, and thus he came within the class of 'specified' persons referred to in Section 2506.01, Revised Code." 173 Ohio St. at 170, 180 N.E.2d 591.

**{¶20}** In *Willoughby* Hills, the Supreme Court stated as follows:

The 'directly affected' language in *Schomaeker* merely serves to clarify the basis upon which a private property owner, as distinguished from the public at large, could challenge the board of zoning appeals' approval of the variance. The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his

injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance.

64 Ohio St.3d at 27, 591 N.E. 2d 1203.

{¶21} Concerns shared equally by the public at large, such as increased traffic in the area or the general effect on the status or character of the city as a whole are not adequate to confer standing. *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 513-514, 639 N.E.2d 126, 130 (6th Dist. 1994). It has been held in a R.C. 2506 administrative appeal, "evidence that the challenging party's property value may be reduced by a decision of the zoning board constitutes a direct effect sufficient to confer standing." *Jenkins v. Gallipolis*, 128 Ohio App.3d 376, 382, 715 N.E.2d 196 (4th Dist. 1998).

{¶22} We find the trial court erred in finding that Groffre was not directly affected by the zoning board's decision. Groffre is in the business of industrial real estate and has significant property adjacent to the property in question and in the immediate area held for industrial development. Though he was unsure as to whether the land would be developed by Groffre or sold to another company to develop the land, Jeffries stated residential use of Venosdle-Felter's property would affect the marketability of Groffre's contiguous property. Further, it would impede Groffre's ability to develop the property in the immediate area for light industrial development and thus reduce the value of Groffre's contiguous property. This harm is unique to Groffre and different from the

harm that could potentially come to the community at large, as it is directly related to its investment in contiguous property.

*Active Participation*

**{¶23}** The second prong of the standing doctrine has been characterized as the "active participation" requirement. *See Fahl v. City of Athens,* 4th Dist. No. 0623, 2007-Ohio-4925. The trial court determined Groffre failed to establish it met the active participation requirement because a personal representative of Groffre did not appear with its counsel at the BZA hearing. We disagree.

**{¶24}** In *Roper*, Mr. Nagy, the owner seeking the zoning change argued he was the only party with the right to appeal a decision of the BZA because he was the applicant for the zoning change.

**{¶25}** In deciding that Mr. Roper was a party for the purpose of appeal of the BZA's decision to the common pleas court, the Ohio Supreme Court rejected Nagy's argument that Roper was simply a witness at the BZA hearing, stating:

> Roper came to this hearing not as a witness, and he appeared not as a witness. He came as a person whose interests were adversely affected, and he appeared with his lawyer in person in opposition to a zoning change which would damage Roper and his property. He was present pursuant to the language in Section 519.15 Revised Code, that 'upon the hearing, *any party* may appear in person or by attorney.' (Italics supplied.)
>
> The order of the Board of Zoning Appeals affected and determined Roper's rights as a property owner, and thus he came within the class of

'specified' persons referred to in Section 2506.01, Revised Code. The board was advised prior to its decision that, if it decided adversely to Roper, his attorney intended to appeal the matter.

These facts are sufficient to make Roper a party for the purpose of appeal to the Common Pleas Court from an adverse decision of the Board of Zoning Appeals, pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code.

*Roper at 173-174.*

**{¶26}** We find that Attorney Jeffries' appearance at the hearing was sufficient to meet the requirement of "active participation" set forth in *Roper* and its progeny. As indicated by the Supreme Court's discussion of R.C. 519.15 ("upon the hearing, *any party* may appear in person or by attorney"), the fact that Roper and his attorney appeared at the hearing and voiced their objection to the zoning variance was utilized to explain why Roper "actively participated" in the administrative proceedings, not to preclude standing to appeal in every instance where only an attorney appears at an administrative hearing to represent the adjacent or contiguous property owner.

**{¶27}** The consistent focus for standing to appeal for adjacent or contiguous property owners is "active participation." *See Willoughby Hills,* 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992), (stating that the adjacent or contiguous property owners who opposed and participated in the administrative proceedings concerning the issues had standing to seek appellate review); City *of Brunswick v. Medina Bd. of Cty. Commrs.*, 9th Dist. No. 1440, 1986 WL 5114 (April 30, 1986), (holding that the City actively advocated its position before the County Board by having the law director support the

granting of an annexation at the administrative hearing); *Fahl v. City of Athens*, 4th Dist. No. 0623, 2007-Ohio-4925 (holding that certain appellants did not meet the active participation requirement because neither the individuals or counsel attended the administrative hearing); *Byers Dipaloa Castle, LLC v. Ravenna City Planning Comm.*, 11th Dist. No. 2010-P-0063, 2011-Ohio-6095 (holding that the contiguous property owners actively participated during the administrative proceedings because they continually objected to the proposed plans and argued that the plans did not comply with the Ravenna City Code); *Robin's Trace Homeowners' Assn. v. City of Green Planning and Zoning Comm.*, 9th Dist. No. 24872, 2010-Ohio-1168 (holding that a homeowner's association did not actively participate in the administrative proceedings because no representative on behalf of the association or their counsel attended the administrative hearing or voiced concerns about the proposed site plan).

**{¶28}** This court previously discussed *Roper* and its progeny in *Guttentag v. Etna Twp. Bd. of Zoning Appeals*, 177 Ohio App.3d 53, 2008 -Ohio- 2642, 893 N.E.2d 890. In *Guttentag*, the township resident seeking to challenge the zoning board's decision failed to appear at the administrative level, but the resident alleged he had standing to appeal because he appeared by his counsel, who attended the hearing and opposed the request. We rejected the resident's standing argument not because we found both the attorney and the party had to appear, but because the record did "not demonstrate that Guttentag's attorney entered an appearance on his behalf or otherwise indicated that he was representing Guttantag." *Id.* at 896.

**{¶29}** In the Venosdle-Felter case Attorney Jeffries appeared, specifically stated that he represented Groffre, and sought to speak on Groffre's behalf. Attorney Jeffries

is counsel for Groffre Investments and the nephew of the partners of Groffre Investments.

{¶30} Attorney Jeffries argued the BZA should not grant Venosdle-Felter a zoning variance because she was aware of the zoning status of the property when she purchased it. At the hearing, Jeffries presented affidavits from his uncles William and Michael Jeffries, partners in Groffre Investments, concerning whether Venosdle-Felter was aware of the zoning status of the property when she purchased it. Further, Jeffries argued a decision to grant the request would be in violation of statutory law and unconstitutional. Jeffries stated that allowing residential use of the property would harm Groffre Investments' ability to develop its other properties in the same area for industrial purposes. We find such facts sufficient to demonstrate that Groffre "actively participated" in the administrative proceedings concerning the issuance of the variance.

### Notice of Intent to Appeal

{¶31} *Roper* states that the non-applicant individual must advise the board, on the record, that if the decision of the board is adverse to him, he intends to appeal from the decision to a court.

{¶32} Groffre argues by questioning the constitutionality of the ordinance at the BZA hearing and arguing against the proposed zoning variance, Groffre indicated its intent to appeal any adverse ruling. We agree.

{¶33} In *Schomaeker*, the Court considered the elements in *Roper* and focused on whether the contiguous property owner indicated her interest in the proceeding. The Court in *Willoughby Hills* summarized the requirements of *Roper* as ". . . contiguous property owners who oppose and participate in administrative proceedings concerning

the issuance of a variance are equally entitled to seek appellate review . . ." 64 Ohio St.3d at 26, 180 N.E.2d 591.

**{¶34}** Further, in *Schomaeker, Byers Dipaloa Castle, LLC,* and *City of Brunswick v. Medina Bd. of Cty. Commrs.*, the challengers were found to have standing. While in each case the parties challenging the administrative decisions or their counsel had appeared at the administrative proceeding and objected to the decision and/or argued that the statute was unconstitutional, there are no specific findings that they directly stated to the board that if the decision went against them, they intended to appeal the ruling to the common pleas court. *Schomaeker v. First Natl. Bank of Ottowa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), *Byers Dipaloa Catle, LLC,* 11th Dist. No. 2010-P-0063, 2011-Ohio-6095, and *City of Brunswick v. Medina Bd. of Cty. Commrs.*, 9th Dist. No. 1440, 1986 WL 5114 (April 30, 1986).

**{¶35}** In the Venosdle-Felter case, Attorney Jeffries appeared at the BZA regarding the request filed by Venosdle-Felter and opposed the requested variance. Jeffries specifically stated that "for the record, it would be our position that for, uh, this board to grant this, uh, to grant this allowance to continue this legal nonconforming use status would be outside of the, uh, what's provided for in O.R.C. 713.15." (T. at 8). Jeffries further argued a decision to grant the request would be in violation of statutory law and unconstitutional. At that point, Attorney Jeffries had no indication as to whether the BZA was going to rule in his favor or against him, but made a point of stating his arguments on the record. Accordingly, we find that Attorney Jeffries indicated his intent to appeal any adverse ruling by specifically stating that he was speaking in opposition to

the zoning variance and arguing that the ordinance was unconstitutional on its face and in its application.

{¶36} Upon our review of the record, we find the trial court erred in finding Appellant Groffre Investments did not meet the burden to establish standing pursuant to the elements of the *Roper* standing doctrine.

{¶37} The sole Assignment of Error of Appellant Groffre Investments is sustained.

{¶38} The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and judgment.

By Gwin, J.,

Wise, J., concur;

Delaney, P.J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

WSG:clw 0228                      HON. JOHN W. WISE

*Delaney, P.J., dissenting*

{¶**39**}  I respectfully dissent from the majority opinion.

{¶**40**}  I would affirm the decision of the trial court, dismissing the administrative appeal for lack of standing.  In this regard, the record reflects a personal representative of Groffre Investments did not appear at the BZA hearing with Attorney Jeffries nor advise the BZA on the record that if the decision of the BZA was adverse to Groffre Investments, it intends to appeal the decision to the court.  Under the Ohio Supreme Court's holding in *Roper v. Bd of Zoning Appeals, Township of Richfield*, 173 Ohio St. 168, 180 N.E.2d 59 (1962), the failure to comply with these requirements fails to confer standing  upon Groffre Investments to appeal the decision of the BZA to allow the nonconforming use of the property.

{¶**41**}  Upon review of the record, the trial court did not err in finding Appellant Groffre Investments did not meet its burden to establish standing pursuant to the elements of the *Roper* standing doctrine.

_____
JUDGE PATRICIA A. DELANEY

[Cite as *Groffre Invests. v. Canton Bd. of Zoning Appeals*, 2013-Ohio-1227.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

GROFFRE INVESTMENTS                          :
                                             :
                    Plaintiff-Appellant      :
                                             :
                                             :
-vs-                                         :          JUDGMENT ENTRY
                                             :
CITY OF CANTON BOARD OF                      :
ZONING APPEALS, ET AL                        :
                                             :
                                             :
                    Defendant-Appellee       :          CASE NO. 2012-CA-00091


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Stark County Court of Common Pleas is reversed and the matter remanded for

further proceedings consistent with this opinion and judgment.



                                             _____
                                             HON. W. SCOTT GWIN


                                             _____
                                             HON. PATRICIA A. DELANEY


                                             _____
                                             HON. JOHN W. WISE