GRIMES ET AL., APPELLANTS, *v.* CITY OF CLEVELAND, APPELLEE.

[Cite as Grimes v. Cleveland, 17 Ohio Misc. 193.]

(No. 815476—Decided January 22, 1969.)

Common Pleas Court of Cuyahoga County.

*Messrs. Themann, Kabaker & Bialosky*, for appellants.
*Mr. Clarence L. James, Jr.*, director of law, and *Mr. Robert McCarthy*, for appellee.

LYBARGER, J. The question here decided by the court is an interpretation of Section 2505.07(B), Revised Code, as it bears upon an appeal from a decision of an administrative agency.

The issue comes before the court upon a motion by the defendant, the Board of Zoning Appeals of the city of

Cleveland, Ohio, to dismiss the appeal because the court is alleged to be without jurisdiction to entertain it.

The essential facts are simple. On the afternoon of March 22, 1965, the Board of Zoning Appeals, hereafter called the Board, heard an appeal from an order refusing to allow appellants to maintain four suites in their property but permitting them to have three suites. At the end of the hearing late in the afternoon, the Board reached a decision sustaining the ruling made as mentioned above. One of the appellants was present when this ruling was adopted orally. At that time nothing was reduced to writing.

First written notice of the ruling was dated March 25, 1965. No written order or entry was made on the date of the hearing. The appellants filed their notice of appeal with the Board and in the Court of Common Pleas on April 2, 1965. The Board contends that the notice of appeal was filed eleven days after the action of the Board and therefore did not come within the requirements of the statute.

It is clear that Section 2506.01, Revised Code, supplements the provisions of Sections 2505.01 to 2505.45, Revised Code, and that the provisions of Chapter 2506, Revised Code, are, as the above quoted section says, "in addition to any other remedy of appeal provided by law."

This was made clear in the case of *Vlad* v. *City of Cleveland* (1960), 111 Ohio App. 70. Syllabus 4 says:

"The provisions of Chapter 2506, Revised Code, are to be considered as supplementing the provisions for appeal to the Common Pleas Court from final orders of administrative agencies under Chapter 2505, Revised Code."

It is necessary, therefore, to turn to Section 2505.07, Revised Code, which deals with the time for perfecting an appeal. It says in part:

"After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"* * *.

"(B) All other appeals shall be perfected within ten days.

"* * *."

When an appeal is perfected is spelled out by Section 2505.04, Revised Code, which says:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

From the above statutes flow certain definite principles about which there can be no dispute. It is well established that a court of record must speak through its journal and that an oral decision must be followed by an entry which reduces it to writing. In *Schenley* v. *Kauth,* 160 Ohio St. 109, the Supreme Court said in Syllabus 1:

"A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum."

It is clear that since the statute definitely applies to an administrative agency as well as to a court of record, such agency has the duty of reducing its rulings to writing before they may become effective and before the ten-day period for an appeal can start running. The reason back of this rule should be clear. There may be doubt and dispute as to what has been said orally, but when a ruling is written out it should be clear and concise and give the person concerned the necessary information he must have on which to base his appeal.

The form of written entry of a decision of an administrative board should be the written minutes of its meeting at which the decision was rendered. It seems logical that at the time of the writing of its minutes a board should send to a person concerned by a ruling a written notice of the action taken. This has been the uniform practice of the Board of Zoning Appeals in the city of Cleveland. How-

196

ever, as a matter of law, the court cannot go so far as to require the sending of such notice. The burden must rest upon a person who may feel aggrieved by a decision to determine when the decision was placed in writing by the board. The ten-day period for appeal starts to run at the time when the board's decision has been set forth in writing in its minutes.

In the instant case the court is convinced that the first written entry evidencing the Board's decision was made on March 25, 1965. Eight days thereafter, on April 2, 1965, the appellants perfected their appeal by filing notice thereof with the Board.

For the above reasons, the court overrules the motion of the appellee to dismiss since the court has jurisdiction to entertain the appeal.

*Motion overruled.*