ROSSMAN, Appellant,

v.

CONRAN, Supt., et al., Appellees.

[Cite as *Rossman v. Conran* (1988), 61 Ohio App.3d 246.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–522.

Decided Dec. 22, 1988.

*Burman & Robinson, Robert N. Burman* and *Jerry Rossman,* for appellant.

*Squire, Sanders & Dempsey* and *James S. Savage,* for appellees.

---

PEGGY L. BRYANT, Judge.

Appellant, Jerry Rossman, as parent and guardian of Bradley Rossman, a minor, appeals from a judgment of the Franklin County Common Pleas Court upholding Bradley Rossman's three-day suspension from Bexley High School.

On April 6, 1987, Bradley struck a fellow Bexley High student in the face. On April 9, Mr. Focht, the assistant principal of Bexley High School, held an informal hearing with Bradley and appellant, after which Bexley High's principal suspended Bradley for three days. The school has not yet enforced the suspension.

Appellant appealed the suspension to the superintendent of Bexley City Schools who, after a hearing, upheld the suspension. Appellant then appealed to the Bexley Board of Education, which, following a hearing, also upheld the suspension. Appellant next appealed to the Franklin County Court of Common Pleas, pursuant to R.C. 2506.01. The court affirmed the suspension. Appellant appeals therefrom and assigns the following five errors:

"1. The trial court erred in affirming the Bexley School District's decisions to suspend Appellant because Appellee denied Appellant his due process rights to a fair and impartial hearing by refusing to hear and investigate the testimony bearing on Appellant's right to self defense.

"2. The court erred in failing to find that Appellant's due process rights were violated because Appellee's student code of conduct handbook fails to give notice that students are not entitled to their natural right of self defense.

"3. The court erred in failing to dismiss the action of Appellees to suspend Appellant because R.C. § 3313.66(E) clearly required dismissal of any suspension beyond the end of the school year.

"4. The trial court erred in affirming the school district's suspension order because its decision is against the manifest weight of the evidence.

"5. The Bexley Board of Education failed to comply with O.R.C. § 3313.-66(E) and 121.22(A) in that it failed to make its decision in a public meeting."

Because appellant's third and fourth assignments of error are interrelated, we will discuss them jointly. In his third assignment of error, appellant argues that the language of R.C. 3313.66(E) precludes enforcement of Bradley's suspension in the current year. In his fourth assignment of error, appellant argues that the common pleas court's decision was against the

manifest weight of the evidence because the evidence showed that the incident that led to the suspension occurred during a previous school year.

■ R.C. 3313.66(E) provides that "[n]o pupil shall be suspended from any school beyond the end of the school year in which the incident that gives rise to the suspension takes place." Whether or not we agree with the result mandated thereby, the fact remains that the plain words of the statute prevent the school from forcing appellant to serve the suspension in this, the 1988–1989 school year, for an incident that occurred in 1987. See *Reinheimer v. Port Clinton Bd. of Edn.* (Oct. 26, 1984), Ottawa App. No. OT–84–18, unreported.

Appellees, though, argue that in enacting R.C. 3313.66(E), the legislature could not have intended to allow the appellate process to become a means to escape punishment. However, this case does not present that question. Appellant's appeal to the common pleas court did not, in itself, prevent appellees from enforcing the suspension. The record shows that the school voluntarily declined to enforce the suspension while the appeal was pending.[1]

■ Appellees also argue that appellant waived the issue of the timeliness of the suspension by failing to raise it in the court of common pleas. The record, however, does not reveal whether appellant raised the issue below, since the record does not contain a transcript of the proceedings in the court of common pleas. We cannot presume that "a demonstrated error was remedied or rendered moot by part of the record which neither party chose to supply, unless the asserted error rests on the totality of the evidence." *Tyrrell v. Investment Assoc., Inc.* (1984), 16 Ohio App.3d 47, 50, 16 OBR 50, 53, 474 N.E.2d 621, 625. See, also, App.R. 9(B) and (E) (methods by which an appellee may supplement the record). Consequently, we cannot affirm the lower court's decision on the basis of waiver.

Given the foregoing, we sustain appellant's third and fourth assignments of error.

Although appellant's suspension may no longer be served, that fact does not negate the suspension itself. Hence, we address the remaining assignments of error. In his first assignment of error, appellant argues that appellees denied Bradley due process in the informal hearing before assistant principal

---

1. We neither address nor decide herein whether R.C. 3313.66(E) would permit a subsequent-year suspension in a case in which a school had sought enforcement of the suspension in the year the incident took place, but was precluded from doing so by the student's obtaining a stay of execution or enjoining enforcement while the student's appeal was pending.

Focht. Appellant apparently brought two witnesses to the informal hearing who would have stated that the other boy involved in the incident habitually carried a knife; Focht, however, chose not to listen to their statements. Appellant now asserts that Focht's conduct denied Bradley his constitutional due process right to a fair and impartial hearing in that the witnesses would have supported appellant's argument that Bradley acted in self-defense (although appellant does not claim that the other boy actually drew or brandished the knife during the incident).

The protections of the Due Process Clause of the Fourteenth Amendment apply to school suspensions that are for "more than a trivial period." *Goss v. Lopez* (1975), 419 U.S. 565, 576, 95 S.Ct. 729, 737, 42 L.Ed.2d 725, 736. Thus, students who face suspension must be given *"some* kind of hearing." (Emphasis *sic.*) *Id.* at 579, 95 S.Ct. at 738, 42 L.Ed.2d at 737. Even if those protections apply herein, Focht's refusal to hear the witnesses did not violate appellant's due process rights in this case, since appellant had an opportunity to cure any potential due process violation at the subsequent hearings. Nothing in the record indicates that appellant was precluded from presenting the witnesses at the hearing before Superintendent Conran or at the hearing before the board of education. Further, since the school did not enforce the suspension while the hearings were pending, the subsequent hearings served as an adequate vehicle to give appellant a fair hearing. For purposes of the Due Process Clause, "notice and hearing should precede *removal of the student from school.*" (Emphasis added.) *Goss, supra,* at 582, 95 S.Ct. at 740, 42 L.Ed.2d at 739. While we do not condone Focht's actions, appellant has failed to demonstrate that those actions deprived him of due process. We overrule appellant's first assignment of error.

In his second assignment of error, appellant argues that the failure of appellees' student code of conduct handbook to give students notice of their right of self-defense renders the code of conduct unconstitutionally vague and overbroad. Appellant's brief states that the code's "language imposes an arbitrary and unreasonable standard and burden on students." Presumably, appellant's argument is that the code of conduct is unconstitutionally overbroad on its face rather than unconstitutional as applied to him, since the alleged lack of notice obviously did not inhibit appellant's conduct. See *Houston v. Hill* (1987), 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398; *Secretary of State of Md. v. Joseph H. Munson Co.* (1984), 467 U.S. 947, 965, 104 S.Ct. 2839, 2851, 81 L.Ed.2d 786, 801, fn. 13 (characteristics of an overbreadth challenge). When addressing a facial overbreadth challenge, a court must

consider the actual text of a provision. *Boos v. Barry* (1988), 485 U.S. 312, 108 S.Ct. 1157, 99 L.Ed.2d 333. However, we cannot address appellant's challenge because we may consider only evidence found in the record, *Raine v. Curry* (1975), 45 Ohio App.2d 155, 161, 74 O.O.2d 171, 175, 341 N.E.2d 606, 610; and the record does not contain the full text of the allegedly unconstitutional provision. Therefore, we overrule appellant's second assignment of error.

■ In his fifth assignment of error, appellant asserts that the Bexley Board of Education did not act upon the suspension in a public meeting. Appellant's only support for this assertion is the fact that the record does not reveal whether the board acted in a public meeting. However, an appellant bears the burden of *affirmatively* demonstrating error. *State, ex rel. Fulton, v. Halliday* (1944), 142 Ohio St. 548, 549, 27 O.O. 487, 487, 53 N.E.2d 521, 521 (*per curiam*); *Conley v. Conley* (1975), 45 Ohio App.2d 1, 4, 74 O.O.2d 6, 8, 340 N.E.2d 430, 433. Since appellant has not met this burden, we overrule his fifth assignment of error.

Based on our sustaining of appellant's third and fourth assignments of error, and overruling his first, second, and fifth assignments of error, Bradley's suspension is affirmed, but appellees may not enforce Bradley's serving the suspension. The judgment of the trial court is affirmed in part and reversed in part. This matter is remanded to the trial court for entry of judgment consistent with this opinion.

*Judgment reversed in part,*
*affirmed in part,*
*and cause remanded.*

WHITESIDE, P.J., and McCORMAC, J., concur.