WEBB et al., Appellees,

v.

IRONTON CITY SCHOOLS, Appellant.

[Cite as *Webb v. Ironton City Schools* (1996), 115 Ohio App.3d 699.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 96CA8.

Decided Nov. 19, 1996.

*John Wolfe,* for appellees.

*W. Mack Anderson,* for appellant.

KLINE, Judge.

Ironton City Schools ("School") appeals from the judgment permanently enjoining School from suspending student John G. Webb for allegedly egging a teacher's home. On appeal, School contends that the Lawrence County Common Pleas Court erred in finding that (1) School did not provide due process, (2) School did not have jurisdiction over out-of-school activities, and (3) School Rule 15 was overbroad. However, we do not address School's contentions because we find that the trial court did not have jurisdiction to hear the matter. Accordingly, the judgment of the trial court is reversed.

I

The facts here are somewhat unclear due to the procedural course this case has taken. It is clear that one of School's teachers alleged that Webb and four other students pelted the teacher's home with eggs one November evening. Apparently, the police stopped Webb and the other students near the teacher's home and the group may have been carrying eggs. The principal investigated the teacher's charges and interviewed the alleged perpetrators. Webb denied the allegations. However, the principal determined that Webb and the four other students did indeed throw eggs at the teacher's house. The principal suspended each member of the group for two days effective the next school day.

On the first day of Webb's suspension, his mother contacted School to appeal the suspension to the board of education. Webb's mother was informed that the board of education was meeting that night and that her son's suspension would be placed on the agenda. The Webbs then filed suit in the Lawrence County Common Pleas Court, praying for a temporary and permanent injunction. The Webbs' complaint charged that they would be unable to appeal the suspension to the trial court if the board of education rejected their appeal because Webb would serve his remaining day of suspension on a day that the trial court was closed. The trial court granted a temporary injunction and Webb did not serve the second day of the suspension. The Webbs did not attend the board of education meeting that evening.

School filed a motion to dismiss, claiming that Webb had not exhausted his administrative remedy. A magistrate held a hearing and conducted a limited inquiry to determine whether minimal due process had been provided to Webb. The magistrate determined that Webb had been provided minimal due process and found that Webb had not exhausted his administrative remedy. The magistrate recommended that Webb's complaint be dismissed. Webb filed

objections to the magistrate's report and the trial court then scheduled a hearing on the matter.

The trial court granted Webb a permanent injunction barring School from suspending him for the incident. The trial court held that Webb was not provided minimal due process because he was not provided (1) specific charges of the conduct for which he was suspended, (2) names of the witnesses against him, or (3) the opportunity to call his own witnesses. The trial court also held that the appeal process to the board of education was a nullity because the suspension would be partially served before the appeal would be heard. Furthermore, the trial court stated that School Rules 9, 14, 15, and 20 were overbroad, but appears to have held only that Rule 15 was overbroad. The trial court reasoned that the rule regulated conduct that did not involve curricular or extracurricular activities and was not restricted to students and School personnel. School now appeals and asserts the following assignments of error:

"I. Whether the trial court erred in ruling that a public school had no jurisdiction to discipline a student for off-campus conduct when such conduct had a direct effect on school discipline and the educational process.

"II. Whether the trial court erred in ruling that appellee student was not accorded the due process to which he was entitled under the law.

"III. Whether the trial court erred in ruling that appellant board's Rule 15 was overbroad and failed to adequately apprise the student of what conduct is prohibited."

## II

Before considering School's assignments of error, we must determine whether the trial court possessed jurisdiction to review the suspension of Webb. R.C. 3313.66(E) provides that "[a] pupil or his parent, guardian, or custodian may appeal his * * * suspension by a * * * principal to the board of education[.] * * * The decision of the board * * * may be appealed [to the court of common pleas] under Chapter 2506. of the Revised Code." The common pleas court then reviews the decision of the board of education to determine whether the decision was illegal, arbitrary, capricious, or unreasonable. R.C. 2506.04; *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 13, 546 N.E.2d 1308, 1309–1310.

A decision by a principal to suspend a student may not be appealed to the court of common pleas because the appeal process provided for in R.C. Chapter 2506 limits the court's review to final orders of officers and boards. A

final order "does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided." R.C. 2506.01. Therefore, a decision by a principal to suspend a student is not an R.C. 2506.01 final order because R.C. 3313.66(E) provides for an appeal to and a right to a hearing before the board of education.

 Here, Webb appealed the principal's decision to the trial court. However, the decision of the principal was not a final order and the trial court therefore did not possess jurisdiction to hear the matter. Webb should have exhausted his administrative remedy provided by R.C. 3313.66(E).

We note that Webb's complaint did not contest the overall constitutionality of a School rule and did not cite or even mention a School rule. Moreover, the record we were provided is devoid of any copy of School's rules. We feel it necessary to make the foregoing observations regarding Webb's complaint because the Ohio Supreme Court has allowed an R.C. Chapter 2721 declaratory judgment action to be maintained to test the overall constitutionality of a statute or zoning ordinance when an R.C. Chapter 2506 appeal is also available. *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 453, 613 N.E.2d 580, 582; *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 130, 73 O.O.2d 442, 443, 339 N.E.2d 626, 627–628; *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 71 O.O.2d 247, 328 N.E.2d 395, paragraph two of the syllabus. The Ohio Supreme Court has not addressed whether the overall constitutionality of a school rule may be tested by declaratory judgment.

 In the event that the overall constitutionality of a school rule may be challenged by a declaratory judgment, we find that Webb neither requested a declaratory judgment nor questioned the overall constitutionality of a School rule in his complaint. Therefore, the issue was not before the trial court. We also note that a party must ordinarily exhaust his or her administrative remedies before pursuing a declaratory judgment action contesting the constitutionality of a rule, subject to several exceptions. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 17, 526 N.E.2d 1350, 1355–1356.

The judgment of the trial court is reversed because the court had no jurisdiction to hear the matter. On remand, the case should be dismissed, and Webb should be instructed to pursue his administrative remedy. If Webb receives an unfavorable ruling from the school board, he may appeal the matter to the court of common pleas pursuant to R.C. 3313.66(E) and R.C. Chapter 2506. If Webb has already served the suspension when his appeal is heard, the appeal is not

moot because Webb's record may be expunged and missed classroom assignments may be revisited.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

I agree with the majority that it is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal. See *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 29, 17 O.O.3d 16, 18, 406 N.E.2d 1095, 1097. The Ohio Supreme Court has found two exceptions to the general rule of exhaustion of administrative remedies. First, if there is no administrative remedy available which can provide the relief sought or if resort to administrative remedies would be wholly futile, exhaustion is not required. See *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 17, 526 N.E.2d 1350, 1355–1356. Exhaustion of administrative remedies is also unnecessary where the available remedy is onerous or unusually expensive. See *Gates Mills Invest. Co. v. Pepper Pike* (1975), 44 Ohio St.2d 73, 73 O.O.2d 321, 337 N.E.2d 777. Because appellee's suspension was effective prior to his ability to obtain an administrative review by the school board, I do not believe that exhaustion of administrative remedies was necessary, notwithstanding his ability to expunge his record or make up missed assignments. Thus, I would review the merits of the appeal.