[Cite as *A.M.R. v. Zane Trace Local Bd. of Edn.*, 2012-Ohio-2419.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| A.M.R., | : | Case No. 11CA3261 |
| | : | |
| Appellant-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ZANE TRACE LOCAL BOARD | : | |
| OF EDUCATION, | : | **RELEASED 05/30/12** |
| | : | |
| Appellee-Appellant. | : | |

_____

APPEARANCES:

Lisa M. Burleson, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Columbus, Ohio, for appellant Zane Trace Local Board of Education.

James Kingsley, KINGSLEY LAW OFFICE, Circleville, Ohio, for appellee A.M.R.
_____

Harsha, J.

{¶1}   The Zane Trace Local Board of Education appeals from the trial court's reversal of the Board's decision to expel A.M.R. from school.  The Board contends that the trial court lacked jurisdiction because it struck the final, appealable order from the record, i.e., the minutes of the meeting at which the Board voted to uphold the expulsion.  However, A.M.R. appealed from a letter her attorney received from the Board's executive officer declaring that the Board unanimously voted to uphold the expulsion.  Because this letter is "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person," it constitutes a final order under R.C. 2506.01(C).  Therefore, the trial court had jurisdiction to consider A.M.R.'s appeal.

{¶2}   The Board also argues that the trial court erred when it reversed the

Board's decision based on two findings:  1.) A.M.R.'s superintendent-level expulsion hearing occurred after the time required by statute and the record did not show that A.M.R. sought an extension of the time; and 2.) the record did not show that the Board voted to uphold the expulsion at a public meeting as required by statute.  The Board claims that in reversing the expulsion based on these findings, the trial court misallocated the burden of proof.  We agree that A.M.R. had the burden to affirmatively demonstrate error, and the mere fact that the record does not reveal whether the board acted at a public meeting does not satisfy that burden.  Thus, the trial court erred when it reversed the Board's decision based on the public meeting finding.  Nonetheless, once A.M.R. established that she did not receive her superintendent-level hearing in the time required by statute, the burden shifted to the Board to show A.M.R. or someone acting on her behalf sought an extension of the hearing date.  Because the Board does not challenge the trial court's implicit conclusion that it failed to meet this burden or argue that a belated hearing does not constitute reversible error, the court's decision must stand.

{¶3}    Finally, the Board claims that the trial court abused its discretion by "striking additional evidence submitted by the school board * * *."  However, the Board provided no supporting analysis for this argument, so we summarily reject it.  Accordingly, we affirm the trial court's decision.

I.  Facts

{¶4}    On November 12, 2009, A.M.R. allegedly attacked a fellow student at Zane Trace High School, and the principal suspended her for ten school days.  Apparently on November 19, 2009, A.M.R. received notice that she might be expelled,

and the superintendent held an expulsion hearing on December 4, 2009. On December 7, 2009, the superintendent notified A.M.R.'s parents in writing that A.M.R. had been expelled from that day to April 9, 2010. A.M.R. appealed and the Board held a hearing on the appeal on December 16, 2009. The hearing transcript does not indicate what the Board decided. But after the hearing, A.M.R.'s attorney received a letter dated December 17, 2009 from the superintendent, writing in her capacity as the Board's "executive officer." The letter appears on Zane Trace Local School District letterhead and states in part that on December 16, 2009, the Board unanimously voted to uphold A.M.R.'s 75-day expulsion.

{¶5}   Based on this letter, A.M.R. filed a notice of an administrative appeal, and the Board prepared and filed a transcript of proceedings under R.C. 2506.02. Then the parties filed their respective briefs with the common pleas court. In her brief, A.M.R. claimed in part that her expulsion was illegal because the Board did not vote to uphold the expulsion at a public meeting under R.C. 3313.66(E). In response, the Board attached an exhibit to its brief titled "RECORD OF PROCEEDINGS," which purportedly contained the minutes of the meeting the Board held on December 16, 2009. The document states in part:

> **120409**
> Ms. Brooks made a motion, seconded by Mr. Greenwalt regarding the expulsion appeal held in executive session at the request of the student's family, the Board agrees to uphold the administration's decision. Roll Call: Ms. Brooks, yes; Mr. Detty, yes; Mr. Greenwalt, yes; Ms. Pflaumer, yes; Mr. Tillis, yes. Motion carried.

The document was signed by the Board's president and treasurer but does not indicate when the minutes were actually prepared. A.M.R. filed a motion to strike all of the Board's exhibits. The trial court granted the motion, holding that it would only consider

the documents in the certified transcript and that all other materials the Board submitted were "dehors the record and inadmissible under Section 2506.03 ORC."

{¶6}     Subsequently, the trial court reversed the Board's decision.  The court found that the record did not show the Board made the decision to uphold A.M.R.'s expulsion at a public meeting, as required by R.C. 3313.66(E).  The court also found that A.M.R. did not receive a superintendent-level expulsion hearing in the time required by R.C. 3313.66(B)(6).  The court held that these procedural defects were "legally fatal" to the Board's action and rendered the Board's decision "in violation of statute, unconstitutional in violation of due process, and * * * unsupported by the preponderance of substantial, reliable and probative evidence on the whole record."  Based on these procedural issues, the court found it unnecessary to address A.M.R.'s substantive arguments.  The court ordered the Board to reinstate A.M.R. as a student to the extent legally possible and take other steps to reverse the effects of the expulsion.  This appeal followed.

## II.  Assignments of Error

{¶7}    The Board assigns two errors for our review:

I.      THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW UNDER R.C. §3313.66 AND R.C. §2506.01 WHEN IT REVERSED AND VACATED THE SCHOOL BOARD'S DECISION TO EXPEL [A.M.R.] BECAUSE OF ALLEGED PROCEDURAL DEFECTS.[1]

II.     THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW UNDER R.C. §2506.03 BY STRIKING ADDITIONAL EVIDENCE SUBMITTED BY THE SCHOOL BOARD WHEN IT APPEARED ON THE FACE OF THE CERTIFIED TRANSCRIPT THE TESTIMONY ADDUCED WAS NOT GIVEN UNDER OATH.

---

[1] The Board words this assignment of error differently throughout its Appellate Brief; we have quoted the wording used on page i.

III.  Final, Appealable Order

**{¶8}**    In its first assignment of error, the Board contends in part that the trial court lacked jurisdiction to act because the record does not contain a final, appealable order.  The Board argues that a public board only speaks through its minutes or its written record of resolutions, directives, and action and that the trial court deprived itself of jurisdiction when it struck from the record the minutes of the meeting at which the Board voted to uphold the expulsion.  A.M.R. contends that the letter her attorney received from the Board's executive officer, which states that the Board unanimously voted to uphold the expulsion, constitutes a final order.

**{¶9}**    The Board did not raise its jurisdictional argument in the common pleas court.  However, "the lack of a final appealable order goes to the issue of subject matter jurisdiction which cannot be waived."  *Bell v. Turner*, 4th Dist. No. 05CA10, 2006-Ohio-704, ¶ 17, fn. 10.  "A determination of whether a court has subject-matter jurisdiction involves a question of law that we review de novo."  *Parsons v. Dept. of Youth Servs.*, 4th Dist. No. 09CA3302, 2010-Ohio-284, ¶ 6.

**{¶10}**  A pupil or the pupil's parent, guardian, or custodian may appeal a school board's decision to affirm a superintendent's expulsion order "under Chapter 2506. of the Revised Code."  R.C. 3313.66(E).  Chapter 2506 deals with appeals from orders of administrative officers and agencies.  R.C. 2506.01(A) provides:  "[E]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code."  R.C.

2506.01(C) provides that "[a]s used in * * * [C]hapter [2506.], 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *." Thus, it is our task to determine whether as a matter of law, only the Board's minutes could constitute a "final order, adjudication or decision" under R.C. 2506.01(C) or whether an alternative document, in this case the letter sent to A.M.R.'s attorney, qualifies as a final order.

{¶11} "The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature." *Pratte v. Stewart*, 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 45. "In interpreting statutes, [the Supreme Court of Ohio] has long held that 'the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation.'" *Id.*, quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. "A court is neither to insert words that were not used by the legislature nor to delete words that were used." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275, ¶ 12.

{¶12} In support of its contention that only its minutes could constitute a final order in this case, the Board cites the Supreme Court of Ohio's decision in *State, ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 476 N.E.2d 1019 (1985) (per curiam). In that case, the Court held the appellant could resort to the extraordinary remedy of quo warranto to challenge a municipal civil service commission's decision because the commission did not "journalize" its rejection of the appellant's complaint in its written minutes.

Therefore, the appellant could not appeal the commission's decision and had no other

means available to seek redress for his grievances.  The Court explained:

> R.C. 2506.01 provides that "[e]very final order, adjudication, or decision of any * * * commission * * * of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code."

> As a prerequisite for appeal, and for the time for perfecting an appeal to begin to run, R.C. 2505.07 provides:

> "*After the journal entry* of a final order, judgment, or decree has been approved * * * in writing and filed * * * for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected unless otherwise provided by law is, * * * (B) * * * within ten days." (Emphasis added.)

> * * *

> In *Grimes v. Cleveland* (C.P.1969), 17 Ohio Misc. 193, 243 N.E.2d 777 [46 O.O.2d 279], at 195-196, 243 N.E.2d 777, a Cuyahoga County trial court applied the principles of [*Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953)] in terms with which we agree:

> "It is clear that since the statute definitely applies to an administrative agency as well as to a court of record, such agency has the duty of reducing its rulings to writing before they may become effective and before the ten-day period for an appeal can start running. * * *

> "The form of written entry of a decision of an administrative board should be the written minutes of its meeting at which the decision was rendered. * * * The ten-day period for appeal starts to run at the time when the board's decision has been set forth in writing in its minutes."

> * * *

> In this case, the record is devoid of the actual minutes of the commission's rejection of appellant's complaint.  Because of the commission's failure to journalize its decision appellant asserts that "the remedy by way of appeal was not available."  We agree.  The court of appeals failed to take into account the requirement that the commission's decision be journalized before it could become a final appealable order.  In that failure lies the error in the judgment below.  We consequently hold

that pursuant to R.C. 2505.07, the decision of an administrative agency must be journalized before an appeal from such decision may be taken under R.C. 2506.01. Since this was not done here, appellant has no means available by which he may seek redress of his grievances; he therefore can resort to the extraordinary remedy of quo warranto. (Emphasis sic.) *Hanley* at 4-5.

**{¶13}** However, the legislature amended R.C. 2506.01 and R.C. 2505.07 after the Supreme Court decided *Hanley*. Former R.C. 2506.01 provided:

Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

A "final order, adjudication, or decision" does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding.

And former R.C. 2505.07 provided:

After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected unless otherwise provided by law, is as follows * * *.

**{¶14}** In the former version of R.C. 2506.01, the legislature did not specifically define what constituted a "final order, adjudication, or decision" of the enumerated entities – it simply described orders that phrase would not encompass. Because the legislature did not explicitly define this phrase and because former R.C. 2506.01

provided that the final order "may be reviewed by the common pleas court * * * as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code," the *Hanley* Court presumably turned to former R.C. 2505.07 for additional guidance on what constituted a final order. Emphasizing the references in that statute to a "journal entry" and "journalization," the *Hanley* Court concluded that an administrative decision had to be "journalized" in the form of meeting minutes before it could become a final, appealable order.

{¶15} After *Hanley*, the legislature enacted the current version of R.C. 2506.01 and explicitly defined a "final order, adjudication, or decision" of a board and other entities as "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *." R.C. 2506.01(C). This broad definition would certainly encompass documents other than board minutes. And given this clear statement from the legislature on what constitutes a final order of an administrative agency, we do not believe it is necessary to utilize R.C. 2505.07 – which discusses the time limit for perfecting an appeal – for additional guidance on what types of documents qualify as a final order. Even if we could consider R.C. 2505.07 to determine what constitutes a final order, the current version of that statute provides: "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." As the Second District pointed out in *Centerville Bd. of Tax Appeals v. Wright*, 72 Ohio App.3d 313, 594 N.E.2d 670 (2nd Dist.1991) and *American Aggregates Corp. v. Clay Twp.*, 2nd Dist. No. 16311, 1997 WL 282334 (May 30, 1997), the legislature omitted the language regarding a "journal entry"

and "journalization" that the Supreme Court relied on to reach its decision in *Hanley*.

**{¶16}** Given the changes to R.C. 2506.01 and R.C. 2505.07 after *Hanley*, we reject the contention that, as a matter of law, only board minutes could constitute a final, appealable order in this case. *See American Aggregates Corp.* at *3; *McGath v. Hamilton Local School Dist.*, 10th Dist. No. 10AP-340, 2010-Ohio-5445, ¶ 16 ("Appellants have failed to cite any legal authority that stands for the proposition that when a board issues a written decision, and subsequently reduces its hearing minutes to writing, the latter controls for the purpose of what constitutes a 'final order, adjudication, or decision' under R.C. 2506.01."). *But see Guttentag v. Etna Twp. Bd. of Zoning Appeals*, 177 Ohio App.3d 53, 2008-Ohio-2642, 893 N.E.2d 890. As we explain below, none of the other authorities cited by the Board persuade us otherwise.

**{¶17}** The Board cites several other cases for its position that "because a public board speaks only through its minutes, written record of resolutions, directives or actions, action by a public board is not final until such a written record is made and approved at a public meeting." (Appellant's Br. 1). The Board cites the First District's decision in *Swafford v. Norwood Bd. of Edn.*, 14 Ohio App.3d 346, 471 N.E.2d 509 (1984) and indicates that the *Swafford* Court obtained this proposition from the Supreme Court of Ohio's decision in *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953). (Appellant's Br. 1). But *Swafford* was decided before *Hanley* and the statutory changes that followed that decision.

**{¶18}** Moreover, the Board's reliance on *Schenley* is misplaced. The *Swafford* Court stated: "As a court speaks only through its journal, *Schenley v. Kauth* (1953), 160 Ohio St. 109 * * * a public board, commission, or other deliberative body speaks through

its minutes or its written record of resolutions, directives, and action.  Cf. *Grimes v. Cleveland* (C.P.1969), 17 Ohio Misc. 193, 195, 243 N.E.2d 777 * * *."  *Swafford* at 348. Given the placement of the citation in the preceding sentence and our review of *Schenley*, it is clear that *Schenley* only supports the statement that a court speaks through its journal – not the statement that a public board speaks only through its minutes.

{¶19}  The Board also cites the Sixth District's decision in *LaPlant Enterprises v. Toledo*, 6th Dist. No. L-87-369, 1988 WL 69147 (June 30, 1988).[2]  In that case, the Sixth District addressed when the time for appeal of an administrative decision denying an application for a special use permit commenced.  The court, applying the former version of R.C. 2505.07, held that the "time period for the perfection of an administrative appeal commences when the 'matter for review' is reduced to record form and approved."  *LaPlant* at *2.  The court concluded that the ten day period the appellant had to file a notice of appeal commenced on the date of the city council's vote and the minutes and vote of a committee hearing on the matter were reduced to writing.  *Id.* However, *LaPlant* does not discuss what types of writings could constitute final orders under R.C. 2506.01.  In fact, *LaPlant* makes no mention of *Hanley* or R.C. 2506.01. And because the *LaPlant* Court applied the former version of R.C. 2505.07, the decision does not address the impact of the amendment to that statute on *Hanley*.  Thus we also find *LaPlant* unhelpful.

{¶20}  Next, the Board cites the Sixth District's decision in *Popson v. Danbury Local Schools Bd. of Edn.*, 152 Ohio App.3d 304, 2003-Ohio-1625, 787 N.E.2d 686, to

---

[2] The Board mistakenly attached a copy of *LaPlant Enterprises v. Toledo*, 6th Dist. No. L-89-090, 1989 WL 150990 (Dec. 15, 1989) to its appellate brief as its "Exhibit B."

support its argument.  In that case, the court held that a letter from the school

superintendent stating that he affirmed the student's one day in-school suspension did

not constitute a final order of a public board, so the common pleas court lacked

jurisdiction to review the student's appeal.  The Court explained:

> Reading R.C. 2506.01 and R.C. 3313.66 together, a common pleas court can review only a "final order, adjudication, or decision" of a board of education or its designee.  It is well established, however, that the time period for the perfection of an administrative appeal commences when the "matter for review" is reduced to record form and approved.  *Swafford v. Norwood Bd. of Edn.* (1984), 14 Ohio App.3d 346, 348, 14 OBR 414, 471 N.E.2d 509; *LaPlant Enterprises v. Toledo* (June 30, 1988), Lucas App. No. L-87-369, 1988 WL 69147.  Because a public board speaks only through its minutes, written record of resolutions, directives, or actions, action by a public board is not final until such a written record is made and approved.  *Swafford*, supra, at 348, 14 OBR 414, 471 N.E.2d 509.  This procedure is equally applicable to action by a board of education, whether the action is taken by the board as a whole or by its designee.  See *Kipp v. Lorain Bd. of Edn.* (Nov. 22, 2000), Lorain App. No. 99CA007373, 2000 WL 1729485; *Cashdollar v. Bd. of Edn., Northridge High School* (1983), Licking App. No. CA 2951, 1983 WL 6527.

> In our view, the undated letter of [the] Local Superintendent * * * does not meet the requirements of a final order of a public board.  It is undated, is on plain white paper without a letterhead, and does not appear to be an official record of anything.  Absent a final order of a public body, a common pleas court does not have jurisdiction to review an administrative appeal.  R.C. 2506.01.  Accordingly, the trial court properly dismissed [the] appeal for lack of jurisdiction, and the sole assignment of error is not well taken.  *Popson* at ¶¶ 7-8.

{¶21} However, the *Popson* Court relied in part on *Swafford* and *LaPlant*, which

we have already concluded are unpersuasive in this matter.  The *Popson* Court also

cited the Ninth District's decision in *Kipp* and the Fifth District's decision in *Cashdollar*.

However, the *Cashdollar* Court cites no legal authority for its position that "a Board of

Education * * *  speaks only by resolution through the journal of its proceedings."

*Cashdollar* at *1.  And the *Kipp* Court did not consider what documents could constitute

a final order of a board of education since the student in that case failed to exhaust administrative remedies. The student appealed from a letter the superintendent sent refusing to ask the board to consider matter, not a decision of the board itself. Based on our assessment of the authorities *Popson* cites, we find it unhelpful in resolving this case.

{¶22} The Board also cites our decision in *Webb v. Ironton City Schools*, 115 Ohio App.3d 699, 686 N.E.2d 285 (1996), to support its position. In *Webb*, we reversed a trial court's decision to permanently enjoin Ironton City Schools from suspending a student for allegedly egging a teacher's home because the court lacked jurisdiction to hear the matter. However, we did not address when the decision of a board of education constitutes a final order because the student never appealed to the board the principal's decision to suspend him. Thus, we found that the trial court lacked jurisdiction because the student failed to exhaust administrative remedies. Therefore, we also find *Webb* unhelpful.

{¶23} Having determined that meeting minutes are not the only document that could constitute a final order of the Board, we must decide whether the letter A.M.R.'s attorney received constitutes such an order. In *American Aggregates Corp.*, after rejecting the contention that only the written minutes of an administrative board could constitute a final, appealable order, the Second District went on to outline specific items a "final decision" of an administrative board "should contain": "1. the case number, the applicant, and a brief description of the matter before the administrative board; 2. a designation as a final decision; 3. a clear pronouncement of the board's decision; 4. the signatures of the entire board, the voting majority of the board, or the signature of the

clerk for the board expressly certifying that the decision constitutes the action taken by the board; 5. a date indicating when the decision was mailed to the applicant." *American Aggregates Corp.*, *supra*, at *5-6. We decline to adopt that list as a mandatory minimum requirement because R.C. 2506.01(C) only requires that the document constitute "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person" (and meet other requirements not relevant here) to qualify as a final order.

{¶24} Here, the Zane Trace Local School District Administrative Guidelines provide that in deciding an expulsion appeal, the Board or its designee "shall reach the decision and inform the parent in writing within two (2) school days of the hearing." The day after the hearing, presumably in an effort to follow these guidelines, the superintendent sent a letter to A.M.R.'s attorney. The letter: 1.) is dated; 2.) appears on school district letterhead; 3.) was sent by the superintendent, explicitly writing in her capacity "[a]s executive officer for the Zane Trace Board of Education"; and 4.) unequivocally states that "on December 16, 2009, the Board unanimously voted to uphold [A.M.R.'s] seventy-five (75) day expulsion." We hold that this letter satisfies the definition of a final order under R.C. 2506.01 – a representative of the Board clearly set forth a decision by the Board that determined A.M.R.'s rights. Because this letter qualifies as a final order under the statute, we overrule the first assignment of error to the extent the Board contends the trial court lacked jurisdiction.

### IV. Procedural Defects

{¶25} In its first assignment of error, the Board also contends that the trial court erred when it reversed the expulsion based on certain procedural defects. "R.C.

2506.04 governs the standard of review employed by the common pleas court and this court in an appeal from an administrative decision. A trial court has extensive power to review the entire record to determine whether the board's decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the evidence. An appellate court's review is more limited—we simply review the trial court's judgment for errors of law and abuses of discretion." *Kearns v. Monroe Twp. Bd. of Zoning Appeals*, 4th Dist. No. 10CA32, 2011-Ohio-1138, ¶ 9, citing *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), and *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988).

{¶26} The trial court held that A.M.R.'s expulsion did not comply with R.C. 3313.66(E) which provides that in considering an expulsion appeal, "[a]t the request of the pupil or of the pupil's parent, guardian, custodian, or attorney, the board or its designee may hold the hearing in executive session but shall act upon the suspension or expulsion only at a public meeting." After striking the Board's minutes from the record, the trial court concluded that the record failed to show that the Board voted to uphold the expulsion at a public meeting. The Board contends that the trial court misallocated the burden of proof when it reversed the expulsion based on this finding.

{¶27} "In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption that the board's determination is valid, and the appealing party bears the burden of showing otherwise." *Hollinger v. Pike Twp. Bd. of Zoning Appeals*, 5th Dist. No. 2009CA00275, 2010-Ohio-5097, ¶ 15, citing *C. Miller Chevrolet, Inc. v. Willoughby Hills*, 38 Ohio St.2d 298, 302, 313 N.E.2d 400 (1974). The

party asserting error has the burden to affirmatively demonstrate irregularity in the proceedings below through matters found in the record. *See by way of analogy Satterfield v. Ohio State Bd. of Registration for Professional Engineers and Surveyors*, 4th Dist. No. 98CA670, 1999 WL 339234, *3 (May 20, 1999) (explaining that appellate court presumes regularity in lower court's judgment and party asserting error has burden to affirmatively demonstrate irregularity in trial court's proceeding through matters found in the record).

**{¶28}**  The Board claims that the trial court erroneously placed the burden on it to show that it voted to uphold the expulsion at a public meeting.  The Board argues that A.M.R. had the burden to affirmatively show, through the record, that the Board did not act at a public meeting and argues that A.M.R. did not satisfy this burden.  The Board cites *Rossman v. Conran*, 61 Ohio App.3d 246, 572 N.E.2d 728 (1988), in support of its argument.

**{¶29}**  In *Rossman*, the appellant argued that the board of education did not act on his minor son's school suspension in a public meeting.  The Tenth District rejected this argument.  The court explained that "an appellant bears the burden of *affirmatively* demonstrating error" and the appellant failed to meet this burden because the "only support for [his] assertion [was] the fact that the record [did] not reveal whether the board acted in a public meeting."  (Emphasis sic.) *Rossman* at 251.

**{¶30}**  Here, the only support for A.M.R.'s public meeting argument is the fact that the record simply does not reveal one way or another whether the Board acted in a public meeting when it voted.  We agree with the *Rossman* Court that under these circumstances, a student has not met her burden to affirmatively demonstrate

irregularity in the proceedings. Therefore, we agree that the trial court erred when it reversed the expulsion on the grounds that the record did not show the Board acted in a public meeting.

{¶31} However, the trial court gave an alternative basis for its reversal of the Board's decision – the expulsion did not comply with R.C. 3313.66(B)(6), which provides that prior to expelling a student, the superintendent must: 1.) give "the pupil and the pupil's parent, guardian, or custodian written notice of the intention to expel the pupil[,]" and 2.) provide "the pupil and the pupil's parent, guardian, custodian, or representative an opportunity to appear in person before the superintendent * * * to challenge the reasons for the intended expulsion or otherwise to explain the pupil's actions." The notice must include the time and place to appear before the superintendent. *Id.* "The time to appear shall not be earlier than three nor later than five school days after the notice is given, unless the superintendent grants an extension of time at the request of the pupil or the pupil's parent, guardian, custodian, or representative." *Id.*

{¶32} At the trial court level, A.M.R. argued that the superintendent gave her written notice of intent to expel on November 19, 2009, and the hearing did not occur until December 4, 2009. A.M.R. claimed that the hearing occurred more than five school days after she received the notice of intent to expel. Although the record does not reveal how many school days actually elapsed during this period, the Board conceded that the hearing occurred more than five school days after the superintendent gave A.M.R. the notice. Because the transcript was "devoid of any proof" that A.M.R. requested an extension of the hearing date, the trial court reversed her expulsion.

{¶33} The Board contends that the trial court also misallocated the burden of proof when it reversed the expulsion based on this finding. The Board argues that the trial court improperly placed the burden on it to show that neither A.M.R. nor someone acting on her behalf sought an extension of the hearing. According to the Board, A.M.R. had the burden to affirmatively demonstrate that neither she nor her representative requested an extension, and A.M.R. failed to meet that burden. We disagree.

{¶34} Once the Board conceded that the hearing occurred outside the statutory time-limit, A.M.R. met her burden to establish irregularity in the proceedings below. The burden then shifted to the Board to show that the delay was justified, i.e., that A.M.R. or someone acting on her behalf requested an extension. See, by way of analogy, the allocation of the burden of proof in statutory speedy trial appeals. *State v. Younker*, 4th Dist. No. 07CA18, 2008-Ohio-6889, ¶ 12 (explaining that once the defendant makes a prima facie case for discharge by demonstrating that the state did not bring him to trial within the statutory time frame, the burden shifts to the state to show events chargeable to the defendant sufficiently extended the time for trial). Therefore, the trial court did not misallocate the burden of proof when it reversed based on the Board's failure to prove that A.M.R. or someone acting on her behalf requested an extension.

{¶35} The Board does not challenge the trial court's implicit conclusion that the Board failed to meet this burden or argue that a belated R.C. 3313.66(B)(6) hearing is not reversible error, so we need not address those issues. Thus, even though the trial court erred when it reversed the Board's decision based on R.C. 3313.66(E), the reversal must stand based on the court's alternative R.C. 3313.66(B)(6) holding.

Accordingly, we overrule the remainder of the Board's first assignment of error.

### V.  Assignment of Error without Supporting Analysis

**{¶36}**  In its second assignment of error, the Board claims that the trial court abused its discretion by "striking additional evidence submitted by the school board * * *."  However, the Board did not specifically identify what evidence the court erred in striking (the meeting minutes, etc.) or provide any supporting analysis for this assignment of error.  Thus we summarily reject it under the provisions of App.R. 12(A)(2) and App.R. 16(A)(7).

### VI.  Conclusion

**{¶37}**  We overrule the Board's first and second assignments of error and affirm the trial court's judgment.

                                                                                JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
        William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**