[Cite as *Galloway v. Firelands Local School Dist. Bd. of Edn.*, 2013-Ohio-4264.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MATTHEW GALLOWAY

      Appellee

      v.

FIRELANDS LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION

      Appellant

C.A. No.     12CA010208

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV171845

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

CARR, Presiding Judge.

{¶1}  Appellant, Firelands Local School District Board of Education ("School Board"), appeals from the judgment of the Lorain County Court of Common Pleas. This Court vacates the judgment of the trial court because of a lack of jurisdiction, and remands the matter to the trial court with instructions to dismiss the appeal.

I.

{¶2}  On November 29, 2010, the superintendent of the Firelands Local School District, Gregory Ring, delivered a letter to Matthew Galloway, a 15-year non-teaching employee of the school district. The letter indicated that the superintendent would be conducting a *Loudermill* hearing on December 1, 2010, concerning Galloway's possible termination of employment as a custodian, informed him of the alleged grounds for such termination, and also informed him that he could attend with legal counsel. *See Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532 (1985) (concerning due process hearings to which terminated school district employees are

entitled). After the *Loudermill* hearing was completed, Superintendent Ring wrote another letter to Galloway, indicating that he would recommend to the School Board that Galloway's employment be terminated for the reasons set forth in his earlier letter, and notifying him of a hearing in front of the School Board regarding his possible termination on December 13, 2010. That hearing was held, but Galloway was not present.

{¶3} Immediately following the December 13, 2010 hearing, Superintendent Ring sent a third letter to Galloway. That letter indicated that the School Board had voted to terminate his employment at its meeting. The letter further recited that the School Board agreed to offer him a final opportunity to continue employment under a "last chance agreement." On December 22, 2010, Superintendent Ring again corresponded with Galloway, indicating that Galloway was terminated from his employment, effective December 17, 2010, because the superintendent had not received an acceptance of the "last chance agreement" from Galloway. Based on this letter, Galloway filed a notice of administrative appeal to the Lorain County Court of Common Pleas. Subsequently, the parties apparently agreed to dismiss the appeal without prejudice and to conduct a second hearing before the School Board.

{¶4} The School Board conducted that hearing on March 23, 2011. The transcript of that hearing does not indicate the decision of the School Board. Superintendent Ring prepared yet another letter, dated April 12, 2011, addressed to Galloway. It stated in full as follows:

> Dear Mr. Galloway,
>
> At its regular Board Meeting last evening, the Firelands Board of Education voted 5-0 to affirm its December 13, 2010 decision to terminate your employment with the Firelands Schools.
>
> Regretfully,
> /s/ Gregory D. Ring
> Superintendent

{¶5} Based on this letter, Galloway filed a notice of administrative appeal to the court of common pleas on April 22, 2011. The School Board prepared and filed a transcript of proceedings with the court. On February 28, 2012, the trial court reversed the decision of the School Board for the reason that the School Board had not made its own findings regarding the reasons for Galloway's termination. The trial court found that there was nothing for it to review and, accordingly, remanded the matter to the School Board. The School Board now appeals to this Court and assigns three errors for review.

II.

### ASSIGNMENT OF ERROR I

PLAINTIFF'S FAILURE TO TIMELY FILE A PRAECIPE CONTRA R.C. 2506.02 WARRANTS DISMISSAL.

### ASSIGNMENT OF ERROR II

A 2506 APPEAL CANNOT BE REVERSED SIMPLY BECAUSE FINDINGS OF FACT AND CONCLUSION[S] OF LAW WERE NOT PART OF THE RECORD.

### ASSIGNMENT OF ERROR III

A UNION IS NOT A PROPER PARTY TO AN R.C. 3319.081 APPEAL.

{¶6} This Court need not reach the assigned errors because we conclude that the record does not contain a final order by the School Board, and that, therefore, the trial court lacked jurisdiction to hear the appeal. Although this jurisdictional question was not raised in the trial court, the lack of a final appealable order goes to the issue of subject matter jurisdiction which cannot be waived and may be raised sua sponte by an appellate court. *State ex rel. Wright v. Ohio Adult Parole Auth.,* 75 Ohio St.3d 82, 84 (1996). *See also Jenkins v. Keller*, 6 Ohio St.2d 122 (1966), paragraph five of the syllabus. The determination of whether a trial court had

subject matter jurisdiction involves a question of law that this Court reviews de novo. *Burns v. Daily,* 114 Ohio App.3d 693, 701 (11th Dist.1996).

{¶7} The letter from which Galloway sought to appeal was a letter written by the superintendent of the school district in his capacity as superintendent. In that letter, the superintendent, in his own name, reported that an action was taken by another entity, the School Board. The record contains no such order from the issuing entity itself. This Court concludes that the superintendent's letter does not meet the requirements of a final order or decision of the School Board.

{¶8} "Appeals taken from a school board or board of education's decision are governed by Ohio Revised Code Section 2506." *Judd v. Bergant*, 11th Dist. Geauga No. 2011-G-3020, 2012-Ohio-979, ¶ 14, citing *Kiel v. Green Local School Dist. Bd. of Edn.,* 69 Ohio St.3d 149, 152 (1994). R.C. 2506.01(A) provides that: "every final order, adjudication, or decision of any * * * board * * * of any political subdivision of the state may be reviewed by the court of common pleas[.]" R.C. 2506.01(C) further explains that, in this context, "'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person[.]" Referring to this statute, the Ohio Supreme Court has observed that "[a] school board certainly fits the definition of a 'board,' and the word 'any' certainly means that it is included within the purview of R.C. Chapter 2506." *Kiel* at 152.

{¶9} R.C. 3319.081(C), which governs the termination of non-teaching employees, provides: "The action of the board of education terminating the contract of an employee * * * shall be served upon the employee." Therefore, any action by the School Board terminating Galloway was statutorily required to have been served upon him. The Superintendent's letter does not include a resolution or order by the School Board. A statement by the superintendent,

merely reporting on an action by another body is not an order or decision that determines rights, duties, privileges, benefits, or legal relationships. Galloway was attempting to challenge a decision of the School Board and it is only an order or decision of the School Board itself that can determine rights, duties, privileges, benefits, or legal relationships. The record does not reflect that any resolution or action by the School Board was sent directly from the School Board to Galloway or was otherwise included as part of the record transmitted on appeal to the court of common pleas.

{¶10} A prior decision of this court emphasized that an action taken by a superintendent, in his own name, is not the action of the board of education. *See Kipp v. Lorain Bd. of Edn.,* 9th Dist. Lorain No. 99CA007373, 2000 WL 1729485 (Nov. 22, 2000). In that case, a student sought review of a superintendent's decision to issue him an in-school suspension. The student sought a hearing before the board of education, but the superintendent refused to make that request on the grounds that there is no right to appeal an in-school suspension. The student filed a notice of appeal to the court of common pleas, and the trial court dismissed the appeal. The trial court found that it lacked jurisdiction to hear the appeal because the opinion letter of the superintendent is not a final order, adjudication, or decision within the meaning of R.C. 2506.01. This Court observed that the school board itself never issued a decision, adjudication or final order. *Id.* at *1. In affirming that decision, this Court quoted from R.C. 2506.01 in emphasizing that: "A trial court is only authorized to hear an appeal of a 'final order, adjudication, or decision of any * * * *board*[.]" (Emphasis sic.) *Id.* at *1.

{¶11} The Fourth District Court of Appeals recently considered a case in which it did accept a letter by the superintendent as a final order under R.C. 2506.01. *See A.M.R. v. Zane Trace Local Bd. of Edn.*, 4th Dist. Ross No. 11CA3261, 2012-Ohio-2419, ¶ 24. In so doing,

however, the court emphasized factors that distinguish that case from the one before us today. After a hearing before the board of education, the superintendent sent a letter to the student's attorney, informing the attorney of the school board's vote. However, the letter "was sent by the superintendent, explicitly writing in her capacity '[a]s executive officer for the Zane Trace School Board of Education.'" *Id.* Thus, the court found that the superintendent was specifically authorized to act as a representative of the school board and made it apparent that she did so.

{¶12} In this case, Galloway filed a notice of appeal from a letter that was written by the superintendent in his capacity as superintendent and in which he reported that the school board had made a decision about Galloway's employment. Superintendent Ring did not write the letter as an agent of the School Board, as occurred in *A.M.R.,* but rather solely in his capacity as superintendent. The letter took the same form as all of the superintendent's previous letters, including the initial letter informing Galloway of the Superintendent's allegations in support of termination and of the scheduled *Loudermill* hearing before the Superintendent. Significantly, the letter itself was not the decision of the School Board and did not purport to be. Even assuming that this would be a proper procedure, neither party has argued that the letter from the superintendent was, in effect, a decision of the School Board, nor has either party cited any authority by which the superintendent is so enabled. In this case, the School Board is the determining body and any appeal must be taken from a decision of that body. The superintendent's letter does not constitute an action of the School Board and does not determine rights, duties, privileges, benefits, or legal relationships. Accordingly, the superintendent's letter does not constitute a final order, adjudication, or decision within the meaning of R.C. 2506.01. Under these circumstances, the trial court lacked jurisdiction to hear the appeal. The judgment

of the trial court is vacated, and the matter is remanded to the trial court with instructions to dismiss the appeal.

III.

{¶13} The judgment of the Lorain County Court of Common Pleas is vacated, and the matter is remanded to the trial court with instructions to dismiss the appeal.

Judgment vacated,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

WARREN ROSMAN and JOHN S. KLUZNIK, Attorneys at Law, for Appellant.

THOMAS C. DRABICK, JR., Attorney at Law, for Appellee.